FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

*Jul 27, 2012*

GREGORY C. LANGHAM, CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

---

*In Re:* Subpoena Issued to Fisher & Phillips and Venture Law Advisors

Civil Action No. 12-cv-01960 PAB-KMT

---

**EMERGE MEDICAL INC.'S MOTION TO QUASH SUBOPOENAS DIRECTED TO VENTURE LAW ADVISORS LLC, AND FISHER & PHILLIPS LLP**

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), Emerge Medical, Inc. ("Emerge"), through its counsel Wheeler Trigg O'Donnell, LLP and Kaufman Dolowich & Voluck LLP, moves this Court to quash subpoenas issued by Synthes, Inc., Synthes USA HQ, Inc., Synthes USA, LLC, Synthes USA Sales, LLC, Synthes USA Products, LLC (collectively "Synthes") and directed to Colorado based Venture Law Advisors, LLC ("Venture") and Fisher & Phillips LLP, ("F&P") ("Subpoenas"). See Ex. A & B.

**I.  MOTION IN BRIEF**

At issue are two subpoenas issued to Colorado law firms who provided legal advice to Emerge. The subpoenas were issued in connection with a lawsuit in Pennsylvania brought by Synthes against Colorado based Emerge Medical, Inc. ("Emerge") and John Marotta ("Marotta"), among others, pending before the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 11-1566 ("Pennsylvania Litigation").

On July 12, 2012, Synthes issued subpoenas to Venture and F&P under this Court's authority seeking documents Synthes alleges is necessary to investigate an advice of counsel affirmative defense asserted by Emerge in the Pennsylvania Litigation. See Ex. A & B. Both Venture and F&P are law firms that provided legal services to

1

Defendant Emerge. Marotta engaged Venture's services at the time of Emerge's formation. F&P was originally Emerge's defense counsel in the Pennsylvania Litigation.

Initially, Emerge pled "Advice of Counsel," as the twentieth affirmative defense in its Answer with Affirmative Defenses and Counterclaims to Synthes' Amended Complaint, stating that some or all of the actions allegedly undertaken by Defendant Emerge were "done in good faith on the advice of counsel." See Ex. C.[1] The affirmative defense of advice of counsel constitutes the sole reason for Synthes' issuance of both subpoenas. See Ex. A & B at pp. 3-9.

Emerge and Synthes discussed the possible withdrawal of the advice of counsel affirmative defense several times. See Ex. D. Emerge stipulated to the withdrawal of the advice of counsel affirmative defense after the Attorney Subpoenas were issued. See Ex. D. and E. Emerge attempted to withdraw the defense by agreement, but Synthes' has refused. As a result, Emerge filed a Motion for Leave to Amend its Answer with Affirmative Defenses and Counterclaims simply to remove this single affirmative defense from its pleading. See Ex. F.[2]

Additionally, both F&P, and Venture have objected to production of the Subpoenaed documents on the basis of privilege. See Ex. G & H. Emerge now seeks an order quashing the Subpoenas because the advice of counsel defense is being withdrawn, and Emerge has stipulated that it has no intent on asserting this defense in the underlying litigation.

---

[1] Rather than burden this Court with a voluminous exhibit, Emerge has attached only the relevant pages of this pleading.

[2] See n. 1, above.

**II.     LEGAL ARGUMENT**

        **A.     Defendants Have Standing to File the Instant Motion to Quash**

It is well established that a party may seek to quash a subpoena served upon a third party based on claims of privilege. See United States v. Gonzales, No. 10-00396, 2010 U.S. Dist. LEXIS 109188, at *2 (D. Colo. Sept. 8, 2010) (citation omitted) ("A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests."); See also In re Grand Jury, 770 F.2d 36, 38 (3d Cir. 1985) (an individual or entity claiming a property right or privilege in the subpoenaed documents has standing to contest the denial of a motion to quash the subpoena).

        **B.     Synthes' Subpoenas Seek Production of Privileged Material Without a Valid Basis**

Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure provides that upon "timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. P. 45(c)(3)(A)(iii) (emphasis added).

Synthes seeks disclosure of any and all retainer agreement(s), and "all documents relating to [subpoenaed counsel's] services" between, Knight and/or F&P and Emerge and the individual Defendants Marotta, Stassen, Brown, and Powell. See Exhibits A & B at pg. 9. Further, Requests for Production 3-9 accompanying both Subpoenas request documents relating to the "Advice of Counsel" defense. See Exhibits A & B at pp. 10-12.

The Subpoenas broadly seek communications, whether verbal or in paper or electronic format, by and between Emerge, Powell, Stassen, Marotta and Brown and Knight or F&P, made for the purpose of obtaining and providing legal advice. See Exhibits A & B at pg. 9. Moreover, the Subpoenas also seek information and materials

prepared by or on behalf of F&P attorneys in preparation for and conduct of the instant litigation. Id.

The attorney-client privilege protects from discovery communications made in confidence between the client and the attorney. See EEOC v. Outback Steakhouse, 251 F.R.D. 603, 610 (D. Colo. 2008). "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." Horton v. United States, 204 F.R.D. 670, 672 (D. Colo. 2002) (quoting In re Bieter Co., 16 F.3d 929, 937-38 (8th Cir. 1994)).

In order to be covered by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy sought by the client. United States v. Johnston, 146 F.3d 785, 794 (10th Cir. 1998) (emphasis added); In the Matter of Grand Jury Subpoena, 697 F.2d 277, 278 (10th Cir. 1983). This privilege applies to corporations as well as individuals. Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)); see also In re Grand Jury, 241 F.3d 308, 316 n.6 (3d Cir. 2001). Such privilege is waived only if the party holding the privilege (i.e., the client) expressly waives such privilege or discloses the information protected by the privilege to a third party. Ziner v. Cedar Crest College, No. 04-3491, 2006 U.S. Dist. LEXIS 34858 at *8-9 (E.D. Pa. May 30, 2006); see also Sedco Int'l v. Cory, 683 F.2d 1201, 1205-1206 (8th Cir. Iowa 1982).

Emerge suspects that Synthes will urge that Emerge put advice of counsel at issue and there waived its right to assert the attorney-client privilege. See Ex. D. The Eight Circuit has found that a client may waive the protection of the attorney-client privilege

4

either expressly or by implication. United States v. Cote, 456 F.2d 142, 144 (8th Cir. 1972) (citing 8 J. Wigmore, Wigmore on Evidence § 2327 (McNaughton rev. 1961)).

Synthes cannot contend that Emerge expressly waived the attorney client privilege. Rather Synthes will likely allege an implied waiver. In determining whether there has been an implied waiver, two elements must be examined: (1) implied intention and (2) fairness and consistency. See Sedco, 683 F.2d at 1206.

Courts have found waiver by implication when a client places the attorney-client relationship directly at issue when a client asserts reliance on an attorney's advice as an element of a claim or defense. See Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975) (advice of attorney element of good faith defense in civil rights action). Dean Wigmore has said that "[a] waiver is to be predicated . . . when the conduct . . . places the claimant in such a position, with reference to the evidence, that it would be unfair and inconsistent to permit the retention of the privilege." 8 J. Wigmore, Evidence § 2388, at 855 (McNaughton rev. 1961).

Emerge has not impliedly waived the attorney client privilege because it has clearly stated that it will not rely upon advice of counsel as an affirmative defense. Therefore there is no unfairness or inconsistency in permitting Emerge to retain the privilege.

### III.   CONCLUSION

For the foregoing reasons Emerge respectfully requests that this Court enter an order quashing the Subpoenas and such other and further relief as may be just.

Respectfully submitted this 26th day of July, 2012,

**WHEELER TRIGG O'DONNELL LLP**

By: /s/ Sean G. Saxon
  Sean G. Saxon
  Wheeler Trigg O'Donnell LLP
  370 Seventeenth Street, Suite 4500
  Denver, CO  80202-2817
  Tel: (303)244.1800
  Fax: (303)244-1879
  Email: saxon@wtotrial.com

  Attorneys for Emerge Medical, Inc

**CERTIFICATE OF CONFERENCE**

I certify that on July 26, 2012, I attempted to confer with Counsel for Synthes, Inc., Synthes USA HQ, Inc., Synthes USA, LLC, Synthes USA Sales, LLC, Synthes USA Products, LLC (collectively "Synthes") as to whether Synthes would withdraw the subpoenas at issue in the Motion to Quash, without avail. I am therefore unable to represent to this Court that Synthes opposes this Motion. However, I can represent to this Court that Synthes refused to withdraw the subpoenas that are subject to this Motion, earlier today, in correspondence to the parties to whom the subpoenas were issued. See Ex. D. to the Motion.

KAUFMAN *DOLOWICH* VOLUCK & GONZO LLP

By: */s/Anne R. Myers*
Anne R. Myers, Esquire
amyers@kdvglaw.com
Michael P. Decktor, Esquire
Mdecktor@kdvglaw.com
1777 Sentry Park West
Gwynedd Hall, Suite 301
Blue Bell, PA 19422
(215) 461-1100 (tel)
(215) 461-1300 (fax)

*Attorneys for Defendant,
Emerge Medical, Inc.*